**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EPPIE MCCLAIN JR.,

              Petitioner - Appellant,

  v.

J. SOTO, Warden,

              Respondent - Appellee.

No. 13-55462

D.C. No. CV ED 12-00329-CAS (VBK)

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 7, 2015[**]
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[***] District Judge.

Eppie McClain, Jr., a California state prisoner, appeals the denial of his 28

U.S.C. § 2254 habeas corpus petition. McClain argues that the state court's

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

rejection of his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), in which he contended that the prosecutor impermissibly used peremptory challenges to strike two African American jurors on the basis of race, constituted an unreasonable application of *Batson* and resulted from an unreasonable determination of the facts. We have jurisdiction under 28 U.S.C. § 2253. We review a district court's denial of a habeas corpus petition de novo, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

I.

We conclude that the California Court of Appeal conducted the "sensitive inquiry" required at step three of the *Batson* analysis, which is the relevant clearly established federal law under United States Supreme Court precedent. *Batson*, 476 U.S. at 93; 28 U.S.C. § 2254(d)(1). The Court of Appeal properly inquired into the genuineness of the prosecutor's reasons for the peremptory strikes and considered all the circumstances in the case. The court reviewed each challenged potential juror, the reasons the prosecutor offered for the challenge, and appellant's arguments that the reasons were pretextual. After fully considering each reason, as required under the third step in the *Baston* test, the court concluded that the prosecutor's proffered reasons for the peremptory challenges in question were not

pretextual and were supported by substantial evidence in the record. Thus, the Court of Appeal's decision was not contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

We also conclude that the state court findings were neither clearly erroneous nor unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2). The California Court of Appeal concluded that substantial evidence supported the trial court's determination crediting the prosecutor's race-neutral reasons for striking the two African-American prospective jurors. Our review of the record does not reveal that similarly situated members of a different race were allowed to serve, nor does it reflect a statistical record suggesting "extensive evidence of purposeful discrimination" against African-American jurors. *See Miller-El v. Dretke*, 545 U.S. 231, 237, 240-41 (2005). Therefore, the state court's conclusion that valid, non-pretextual grounds, and not race, motivated the two peremptory strikes was not objectively unreasonable.

## II.

While AEDPA review is "limited to the record that was before the state court that adjudicated the claim on the merits," *Cullen v. Pinholster*, —— U.S. ——, 131 S. Ct. 1388, 1398 (2011), "*Pinholster* does not bar our consideration of evidence reconstructing the racial composition of a petitioner's jury venire," *Jamerson v.*

3

*Runnels*, 713 F.3d 1218, 1226 (9th Cir. 2013). In *Jamerson*, this court allowed the consideration of driver's license photographs to determine the race of each venire member, even though the state appellate court's review was limited to transcripts of voir dire, because the photographic evidence merely "reconstruct[ed] physical attributes that were visible to the state court that originally ruled on [petitioner's] *Batson*[] motions." *Id.*

Relying on *Jamerson*, McClain asks the court to grant a subpoena for the prospective jurors' driver's license photos and to remand his petition to the district court to conduct a comparative juror analysis as to Juror 98, whom the prosecutor struck, in part, for his extreme youth. But *Jamerson* does not apply in this context. The evidence at issue in *Jamerson* did not violate *Pinholster*'s limitation because the driver's license photos were used to reconstruct the racial composition of the jury, not how youthful the jurors appeared. However, driver's license photos are often outdated and unrepresentative of a person's general appearance on a given day, precluding any surety that their use would accurately recreate the "physical attributes that were visible to the state [trial] court" that are relevant in this case – namely, the jurors' appearances of age or youth. *Id.* The request to remand is denied.

**AFFIRMED.**

4